**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Abelardo LOPEZ–FIGUEROA,**
**Defendant–Appellant.**

**No. 07–50459.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2008.*

Filed Sept. 5, 2008.

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lynn H. Ball, Esq., Law Office of Lynn H. Ball, San Diego, CA, for Defendant–Appellant.

Before: REINHARDT, MINER,** and BERZON, Circuit Judges.

## MEMORANDUM ***

Defendant–Appellant, Abelardo Lopez–Figueroa, appeals from a judgment of conviction entered in the District Court on October 1, 2007 for Attempted Reentry After Deportation, in violation of 8 U.S.C. § 1326. Lopez–Figueroa argues that the district court abused its discretion and violated Lopez–Figueroa's Fifth Amendment right against self-incrimination by admitting into evidence a redacted version of his statement to a Customs and Border Protection Officer and by denying his request pursuant to Rule 106 of the Federal Rules of Evidence—i.e., the "rule of completeness," *see* Fed.R.Evid. 106, advisory committee notes ("The rule is an expression of the rule of completeness.")—to admit the entire statement, including the parts that were redacted.

Lopez–Figueroa claims that the redacted parts of his statement were exculpatory and necessary to explain the admitted portions. We review a district court's decision whether to admit evidence in light of Rule 106 for abuse of discretion. *United ed States v. Collicott*, 92 F.3d 973, 983 (9th Cir.1996). When a confession is introduced at trial, "[t]he rule of completeness is violated ... only where admission of the statement in its edited form distorts the meaning of the statement or excludes in-

formation substantially exculpatory of the declarant." *United States v. Kaminski*, 692 F.2d 505, 522 (8th Cir.1982). In this Circuit, "[R]ule 106 does not compel admission of otherwise inadmissible hearsay evidence." *Collicott*, 92 F.3d at 983 (internal quotation marks omitted). Lopez–Figueroa's defense theory at trial was that he attempted to walk through an unmanned pedestrian lane at the Calexico Port of Entry in order to draw attention to himself and to be arrested, and not with the specific intent to go about "free from official restraint" that is required for a conviction under 8 U.S.C. § 1326. *United States v. Lombera–Valdovinos*, 429 F.3d 927, 929 (9th Cir.2005).

We conclude that the district court did not abuse its discretion by denying Lopez–Figueroa's request pursuant to the rule of completeness to admit the redacted portions of his statement. The redacted parts of his statement were not necessary to explain those parts that were admitted. For example, Lopez–Figueroa's statement that he lived "in Mexico" was redacted at trial. Lopez–Figueroa contends that this omission distorted the meaning of the rest of his statement, creating a false impression that he intended to move about freely in the United States. A reading of the full statement, however, reveals that this is not so. Lopez–Figueroa also told the agent that he lived in Alhambra, California, that he was headed for his mother's house in Alhambra, and that he did not know his address in Mexico. These statements also were not admitted at trial. The omission of his statement that he lived in Mexico does not distort the meaning of the parts of his statement that were admitted. Moreover, any exculpatory statements by Lopez–Figueroa were hearsay and were

** The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

therefore not admissible, notwithstanding Rule 106. *See Collicott,* 92 F.3d at 983; *see also United States v. Ortega,* 203 F.3d 675, 682 (9th Cir.2000) (holding that, notwithstanding the rule of completeness, "exclusion of [the defendant's] exculpatory statements was proper because these statements would still have constituted inadmissible hearsay").

■ Lopez–Figueroa also claims that the district court committed Fifth Amendment error by penalizing him for not testifying when it stated that he could introduce the redacted portions of his statement during his testimony. We review an alleged Fifth Amendment violation *de novo. United States v. Lopez,* 500 F.3d 840, 844 (9th Cir.2007). Lopez–Figueroa ultimately decided not to testify, but at the time when the district court made the challenged statements to Lopez–Figueroa, Lopez Figueroa still planned to testify. The district court explained to him that any exculpatory redacted portions of his statement were hearsay but that they could be admitted during his testimony. This explanation was given outside the presence of the jury. The district court committed no error. It merely provided an accurate explanation of the law, *see Williamson v. United States,* 512 U.S. 594, 600, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (commenting that non-self-inculpatory statements are generally inadmissible hearsay), and clarified Lopez–Figueroa's options for introducing the redacted portions of his statement.

We affirm Lopez–Figueroa's conviction for unlawful presence in the United States after having been deported, in violation of 8 U.S.C. § 1326.

**AFFIRMED.**